# State of New York
# Court of Appeals

MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 78  SSM 10
The People &c.,
        Respondent,
    v.
Edward Malloy, Also Known as EB,
        Appellant.

Submitted by Paul J. Connolly, for appellant.
Submitted by Vincent Stark, for respondent.

MEMORANDUM:

The order of the Appellate Division should be affirmed.

- 1 -

Defendant Edward Malloy asserts several meritless challenges to his conviction by jury verdict of second-degree murder (Penal Law § 125.25 [1]) and second-degree criminal possession of a weapon (Penal Law § 265.03 [3]). As relevant here, during jury selection, defense counsel objected to the prosecutor's peremptory strike of an African American prospective juror as racially motivated, in violation of Batson v Kentucky (476 US 79 [1986]). The prosecutor responded that the prospective juror was "dismissive and rude," and Supreme Court accepted the prosecutor's race-neutral explanation after thorough questioning. We accord "great deference on appeal" to a trial judge's resolution of a Batson challenge, including a determination regarding discriminatory motive (Hernandez v New York, 500 US 352, 364 [1991]; see also People v Hecker, 15 NY3d 625, 656 [2010]). Here, the court's credibility determination is supported by the record and we cannot say as a matter of law that the proffered reason was "pretext for race-based discrimination" (Hernandez, 500 US at 363).

We also reject defendant's argument that Supreme Court unlawfully imposed consecutive sentences for the criminal weapon possession and murder counts. "So long as a defendant knowingly unlawfully possesses a loaded firearm before forming the intent to cause a crime with that weapon, the possessory crime has already been completed, and consecutive sentencing is permissible" (People v Brown, 21 NY3d 739, 751 [2013]). Here, the record supports Supreme Court's imposition of consecutive sentences. Video surveillance evidence showed defendant in possession of the gun several minutes before approaching the victim, supporting the conclusion that defendant possessed the weapon for

a sufficient period of time before forming the specific intent to kill. Thus, consecutive sentencing was permissible.

Defendant's challenges to the grand jury proceedings and sufficiency of the evidence lack merit. His pro se claims are either unpreserved or similarly meritless.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

On review of the submissions pursuant to section 500.11 of the Rules, order affirmed, in a memorandum. Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Garcia, Wilson and Feinman concur.

Decided June 25, 2019